IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ALICE CLARK, CHRISTOPHER COULTER, AARON PEREZ and KEVIN NELSON, on behalf of themselves, and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL VISION SERVICES, LLC d/b/a MYEYEDR,<br><br>Defendant. | CASE NO. |

**COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs, MARY ALICE CLARK, CHRISTOPHER COULTER, AARON PEREZ and KEVIN NELSON (collectively referred to herein as "Plaintiffs"), by and through the undersigned counsel, for themselves and on behalf of all other similarly situated current and former employees of CAPITAL VISION SERVICES, LLC d/b/a MYEYEDR ("MyEyeDr") or "Defendant"), file this Complaint against MyEyeDr for the recovery of overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), on behalf of salaried, exempt-classified General Managers ("GMs"), and in support thereof states:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated co-workers who have worked as salaried, exempt-classified GMs for MyEyeDr anywhere in the United States within the three year period preceding the filing of this Complaint ("the putative FLSA Collective").

2. MyEyeDr owns and operates over 500 optical stores across the United States, including in Massachusetts, Connecticut, North Carolina, Indiana, Virginia, Pennsylania, Maryland, and Texas.

3. MyEyeDr employs GMs at its store locations throughout the United States.

4. Throughout the relevant time period, Defendant's nationwide policy has been to uniformly classify GMs as exempt from federal and state overtime provisions, and to not pay them any overtime wages for hours worked in excess of forty (40) per week.

5. This exempt classification is improper because the primary duties of GMs are non-exempt duties.

6. The primary duties of GMs are the same customer service duties performed by non-exempt employees (including, but not limited to, checking in customers for appointments, answering phones, scheduling appointments, verifying/processing insurance, and eyewear sales), merchandising and setting up displays, and cleaning the store.

7. GMs spend the majority of their time performing these duties, which are also performed by non-exempt, hourly-paid employees.

8. The primary duties of the GM position do not vary among Defendant's locations nationwide.

9. As alleged herein, Plaintiff and all other similarly situated GMs were required to work more than forty (40) hours in a workweek while employed by MyEyeDr in order to complete their job duties.  However, in accordance with MyEyeDr's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a work week.

10. MyEyeDr's systematic failure and refusal to pay Plaintiffs and all other similarly

situated GMs for all hours worked over forty (40) in a workweek violates the FLSA.

11. Plaintiffs allege on behalf of themselves and similarly situated GMs that they are entitled to: (i) unpaid overtime compensation for all hours worked above forty (40) in a workweek, as required by law, earned at any time from three years preceding this Complaint through to the entry of judgment in this case (the "Relevant Period"); (ii) liquidated damages; (iii) pre-judgment interest; and (iv) attorney's fees and litigation expenses, pursuant to the FLSA.

## THE PARTIES

### Plaintiffs

*Mary Alice Clark*

12. Plaintiff MARY ALICE CLARK is an adult individual who is a resident of Lowell, Massachusetts.

13. Plaintiff CLARK was employed by Defendant as a salaried, exempt-classified GM in Brookline, Massachusetts from approximately October 2020 to June 2021.

14. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff CLARK regularly worked in excess of forty (40) hours in a workweek as a GM, typically between 45 and 55 hours per week, but was not compensated for the overtime hours she worked.

15. Plaintiff CLARK is a covered employee within the meaning of the FLSA.

16. Plaintiff CLARK has consented to join this action. *See* Attachment A.

*Christopher Coulter*

17. Plaintiff CHRISTOPHER COULTER is an adult individual who was employed by Defendant as a salaried, exempt-classified GM in Arlington, Massachusetts from approximately November 2020 to November 2021.

18. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff COULTER

regularly worked in excess of forty (40) hours in a workweek as a GM, typically between 45 and 55 hours per week, but was not compensated for the overtime hours he worked.

19. Plaintiff COULTER is a covered employee within the meaning of the FLSA.

20. Plaintiff COULTER has consented to join this action. *See* Attachment B.

*Aaron Perez*

21. Plaintiff AARON PEREZ is an adult individual who is a resident of Anderson, Indiana.

22. Plaintiff PEREZ was employed by Defendant as a salaried, exempt-classified GM in Indianapolis, Indiana from approximately December 2020 to June 2021.

23. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff PEREZ regularly worked in excess of forty (40) hours in a workweek as a GM, typically between 45 and 50 hours per week, but was not compensated for the overtime hours he worked.

24. Plaintiff PEREZ is a covered employee within the meaning of the FLSA.

25. Plaintiff PEREZ has consented to join this action. *See* Attachment C.

*Kevin Nelson*

26. Plaintiff KEVIN NELSON is an adult individual who is a resident of Newville, Pennsylvania.

27. Plaintiff NELSON was employed by Defendant as a salaried, exempt-classified GM in Carlisle, Pennsylvania from approximately October 2015 to January 2021.

28. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff NELSON regularly worked in excess of forty (40) hours in a workweek as a GM, typically between 45 and 55 hours per week, but was not compensated for the overtime hours he worked.

29. Plaintiff NELSON is a covered employee within the meaning of the FLSA.

30. Plaintiff NELSON has consented to join this action. *See* Attachment D.

**Defendant**

31. Defendant CAPITAL VISION SERVICES, LLC is a Delaware corporation registered to do business in Massachusetts. Defendant's principal place of business is located in Vienna, Virginia.

32. Throughout the relevant time period, Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA. Defendant had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

33. Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

34. At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

35. Defendant applies the same employment policies, practices, and procedures to all GMs nationwide.

36. At all relevant times, Defendant meets the definition of an "enterprise engaged in commerce" under 29 U.S.C. § 203(s)(1), as it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

37. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

**JURISDICTION AND VENUE**

38. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337,

and 29 U.S.C. § 216(b).

39. This Court is empowered to issue a declaratory judgment pursuant to 8 U.S.C. §§ 2201 and 2202.

40. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because Defendant conducts business and operates stores in this District, Plaintiffs CLARK and COULTER were employed by Defendant in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendant is subject to personal jurisdiction in Massachusetts.

## COMMON FACTUAL ALLEGATIONS

41. Plaintiffs and the members of the putative collective worked for Defendant as GMs.

42. Throughout their employment with Defendant, Plaintiffs and the members of the putative FLSA Collective consistently worked more than 40 hours per workweek.

43. Defendant was aware that Plaintiffs and the members of the putative FLSA Collective worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

44. Defendant did not keep accurate records of hours worked by Plaintiffs and putative FLSA Collective members. That is, although Plaintiffs and the putative FLSA Collective members routinely worked more than 40 hours per week, Defendant did not record those hours.

45. The primary duty of Plaintiffs and the putative FLSA Collective members was not management.

46. Plaintiffs and the putative FLSA Collective members primarily performed non-exempt hourly work, including duties such as sales, answering telephones, scheduling appointments, obtaining insurance authorization, merchandising and setting up displays, and

6

cleaning the store.

47. Plaintiffs and the putative FLSA Collective members spent the vast majority of their time performing the non-exempt duties in Paragraph XX. These duties are the same as the duties performed by hourly-paid employees, whom are routinely classified by Defendant as non-exempt and entitled to receive overtime compensation.

48. Plaintiffs and the putative FLSA Collective members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties. Defendant maintained control, oversight, and discretion over the operation of their retail stores through detailed rules, guidelines, and standard operating procedures, which Plaintiff and members of the putative FLSA Collective were required to follow. Plaintiffs and the putative FLSA Collective members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

49. Plaintiffs and the putative FLSA Collective members are similarly constrained by close oversight from their District Managers ("DMs"), who were in frequent contact with their stores.

50. Plaintiffs and the putative FLSA Collective members did not have independent authority to (a) create or implement management policies, practices, and procedures for Defendant; (b) determine the techniques that could be used in stores; (c) commit Defendant in matters having significant financial impact; (d) set employee wages; (e) hire, fire, or promote employees; (f) determine how many labor hours could be allocated to their store location; and (g) approve overtime. The authority to make such decisions was vested in the DMs.

51. Plaintiffs and the putative FLSA Collective members are similarly situated in that they have substantially similar job duties and are subject to Defendant's common compensation policies, patterns, and/or practices.

52. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified all GMs as exempt from coverage of the overtime provisions of the FLSA.

53. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiffs and the putative FLSA Collective members when making the decision to classify GMs as exempt from the overtime protections of the FLSA.

54. Defendant uses a common job description for all GMs.

55. Defendant has knowledge the GMs frequently worked over 40 hours a week because GMs were frequently scheduled to work more than 40 hours a week and DMs were in conduct with GMs on a daily or weekly basis resulting in personal knowledge of the hours GMs' worked.

56. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiffs and the putative FLSA Collective members in excess of 40 hours per week was willful.

57. The work performed by Plaintiffs and the putative FLSA Collective members constitutes compensable work time under the FLSA.

58. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ALLEGATIONS

59. During the relevant period, Plaintiffs and the putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § and 207(a).

60. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendant.

61. Defendant is an employer of Plaintiffs and the putative FLSA Collective members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

62. At all relevant times, Plaintiffs and the putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63. Defendant has failed to pay Plaintiffs and the putative FLSA Collective members overtime compensation to which they were entitled under the FLSA.

64. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiffs and the putative FLSA Collective members.

65. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the putative FLSA Collective members were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

66. All of the work that Plaintiffs and the putative FLSA Collective members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the putative FLSA Collective members have performed.

67. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the putative FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay Plaintiffs and the putative FLSA Collective members premium overtime wages for hours that they worked in excess of forty (40) hours

per workweek;

(b) willfully misclassifying Plaintiffs and the putative FLSA Collective members as exempt from the protections of the FLSA; and

(c) willfully failing to record all of the time that its employees, including Plaintiffs and the putative FLSA Collective members, have worked for the benefit of Defendant.

68. Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the putative FLSA Collective members overtime premiums for hours worked in excess of forty (40) per workweek.

69. Plaintiffs and the putative FLSA Collective members perform or performed the same primary duties.

70. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages

71. Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 70 above.

72. Defendant has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the putative FLSA Collective members, as detailed in this Collective Action Complaint.

73. Defendant knew or recklessly disregarded the fact that Plaintiffs and the putative FLSA Collective members (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation.

74. The performance of non-management work was the primary duty of the the putative FLSA Collective members.

75. Defendant knew, by virtue of the fact that its upper level management employees

(as its authorized agents), including DMs, actually saw and required that the Plaintiffs and the putative FLSA Collective members primarily perform manual labor and non-exempt duties, that Plaintiffs and the putative FLSA Collective members were not performing activities that complied with any FLSA exemption.

76. Upon information and belief, and as part of its regular business practices, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the putative FLSA Collective members. This policy and pattern or practice includes but it is not limited to:

(a) willfully misclassifying Plaintiffs and the putative FLSA Collective members as exempt from the requirements of the FLSA;

(b) willfully failing to pay Plaintiffs and the putative FLSA Collective members overtime wages for hours that they worked in excess of forty (40) hours per week; and

77. Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

78. As further evidence of its willful or reckless failure to classify Plaintiffs and the putative FLSA Collective members as non-exempt employees – and notwithstanding being a substantial business entity aware of its legal obligations – Defendant has uniformly failed to: (a) accurately track or record actual hours worked by the putative FLSA Collective members; and (b) provide the putative FLSA Collective members with a method to accurately record the hours actually worked.

79. Defendant did not make a good faith effort to comply with the FLSA with respect

to its timekeeping and compensation of Plaintiffs and the putative FLSA Collective members.

80. Defendant was or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

81. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the putative FLSA Collective members for hours worked in excess of forty (40) in a workweek.

82. Upon information and belief, there are potentially hundreds of similarly situated current and former the putative FLSA Collective members who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the the putative FLSA Collective members, pursuant to 29 U.S.C. § 216(b).

83. The putative FLSA Collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

84. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

85. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the putative FLSA Collective members have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the putative FLSA Collective members, pray for the following relief:

(a) Designation of this action as an FLSA collective action on behalf of Plaintiffs and the putative FLSA Collective members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the the putative FLSA Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

(b) An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

(c) An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

(d) An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

(e) An award of pre-judgment and post-judgment interest;

(f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiffs' counsel pursuant to the FLSA;

(g) Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

(h) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, by and through the undersigned counsel, respectfully request a trial by jury on all issues so triable.

Dated: Boston, Massachusetts
February 11, 2022

Respectfully submitted,

By:

 s/ Hillary Schwab
Hillary Schwab
**FAIR WORK, PC.**
192 South Street, Suite 450
Boston, MA 02111
Phone: (617)607-3261
Fax: (617)-488-2261
hillary@fairworklaw.com
www.fairworklaw.com

Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Camar Jones*
cjones@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831

Sam J. Smith*
Loren Bolno Donnell*
Burr & Smith LLP
9800 4th Street North, Suite 200
St. Petersburg, FL 33702
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com

*Attorneys for Plaintiffs and the Putative Collective*

*Application for *pro hac vice* forthcoming