# SHAVITZ
## LAW GROUP, P.A.

951 Yamato Road | Suite 285 | Boca Raton, FL 33431
Tel: 561.447.8888 | Fax 561.447.8831
www.shavitzlaw.com

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS
PURSUANT TO FED. R. EVID. 408**

August 17, 2021

**Via Federal Express and Electronic Mail (*dgwolff67@yahoo.com*)**

MyEyeDr
Attn: David Wolff, General Counsel
1950 Old Gallows Rd.
Suite 520
Vienna, VA 22182

> **Re:   MyEyeDr - Unpaid Wages Claims for Class of General Managers**

Dear Mr. Wolff:

Shavitz Law Group, P.A. represents former "General Managers" ("GMs") who seek to recover unpaid wages on behalf of themselves and other similarly situated employees. The purpose of this letter is to inform MyEyeDr of these claims and invite its pre-litigation response. We encourage MyEyeDr to engage in dialogue with us to explore the possibility of an early resolution, before the parties begin extensive and costly litigation to file, prove, and value these claims. Our firm has successfully used similar pre-litigation discussions to resolve wage and hour cases such as these. If we can reach a pre-suit resolution, we would be willing to cooperate with MyEyeDr with respect to the timing of settlement approval and the temporal scope of a class release. Absent pre-litigation resolution, we intend to pursue Fair Labor Standards Act ("FLSA") and state law claims for unpaid wages.

## Claims

MyEyeDr does not pay its GMs for overtime hours worked. MyEyeDr only pays GMs a salary for 40 hours a week, but misclassifies them as exempt from the overtime pay requirements of the FLSA and state law. GMs spend the overwhelming majority of their time performing the same duties as non-exempt employees who are eligible for overtime pay such as answering phones, customer service (including pre-testing customers, fitting frames, ordering lenses, and making sales), scheduling appointments with customers, and verifying insurance coverage. See 29 C.F.R. § 541.700(a). MyEyeDr will be unable to meet its burden to prove that GMs are exempt workers.

## Preservation of Documents

Having received notice of these potential claims, MyEyeDr is under an obligation to preserve all documents and electronic discovery relevant to the allegations in this letter. Absent

MyEyeDr./David Wolff
August 17, 2021
Page 2 of 2

a satisfactory conclusion to negotiations, in litigation, we will request discovery pursuant to Federal Rules of Civil Procedure 16(f), 26(f), and 33-34.   The Document Preservation Addendum attached as Exhibit A outlines some of MyEyeDr's preservation obligations.

### Proposal for Resolution

Our clients are willing to postpone their plan to file these claims in order to engage in pre-suit settlement discussions, provided that MyEyeDr agrees to toll the statutes of limitations for our clients' FLSA and state law wage claims, as well as the statutes of limitations for all similarly situated workers.  We would then negotiate a confidentiality agreement to promote the sharing of information with the goal of allowing the parties to value the claims of the putative class of GMs employed within the statutes of limitations, and determine a fair outcome.  This would allow the parties to engage in a negotiation process facilitated by a private mediator of the parties' choosing.  If we settle, the parties may agree that plaintiffs will file a lawsuit solely for the purpose of seeking approval of the settlement in an agreed upon jurisdiction.  This process could substantially reduce MyEyeDr's exposure to attorneys' fees and costs (including plaintiffs' attorneys fees and costs, which MyEyeDr will pay if our clients prevail, see 29 U.S.C. § 216(b)) and limit interference with MyEyeDr's ongoing operations.

Please contact me to discuss these issues.  We request a response on or before August 31, 2021.

Very truly yours,

Enclosure

Gregg I. Shavitz
gshavitz@shavitzlaw.com
Camar R. Jones
cjones@shavitzlaw.com

## Document Preservation Addendum

This request for documents, data and tangible things is for pre-litigation purposes only, and may be expanded or refined as we learn more about the human resources and information technology operations of MyEyeDr., LLC. Nothing herein should be understood to waive or limit MyEyeDr and its counsel's responsibility to identify, collect and preserve additional data relevant to this dispute that they – by virtue of their superior knowledge – would otherwise be expected preserve.

"Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data (excluding duplicative data maintained for purposes of disaster recovery), printouts, document image files, Web pages (including social media sites), text messages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, diagrams, graphic presentation, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, and indices is included in this definition.

"Data" includes any electronically stored information in any format or media. This may include hard drives, memory, back-up discs and tapes, servers, removable computer storage media (e.g., flash or thumb drives, external hard drives), portable electronic equipment and Web-based storage. "Data" includes partially deleted data, file fragments, other residual or ambient data.

Data should be preserved in their original media with all metadata (including without limitation, application, system, e-mail, embedded, file system, user-added, and vendor-added metadata). System and application data associated with requested data should be preserved. Passwords, user IDs, manuals, encryption keys, access codes and other data and software required to access, view or reconstruct requested data should be preserved.

This request extends to data in MyEyeDr's custody or control, as well as data reasonably accessible to it, e.g., consultants, outside counsel or off-site or "cloud" storage.

Data should not be deleted, destroyed, modified, packed, compressed or otherwise rendered inaccessible. Routine data retention, deletion or destruction policies that may result in the loss of requested data should be suspended, including those policies used by others (e.g., vendors and Web-based sites).